**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 9:26-cv-80234**
**HONORABLE ED ARTAU**

WALQUIRIA CASSINI, MATTHEW
CASSINI, and RYAN LONDONO,

Plaintiffs,

v.

RIC BRADSHAW, in his official capacity as
Sheriff of Palm Beach County, Florida; and
AMY HOFFMAN, in her individual capacity,

Defendants.

_____/

### DEFENDANT, AMY HOFFMAN'S MOTION TO DISMISS COUNTS II, IV, AND V OF PLAINTIFFS' COMPLAINT

COMES NOW, the Defendant, AMY HOFFMAN, by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6) and S.D. Fla. Local Rule 7.1, and hereby files her Motion to Dismiss Counts II, IV, and V of Plaintiffs' Complaint with prejudice, and in support states:

### INTRODUCTION

1. This is a civil rights action arising under 42 U.S.C. § 1983, wherein Plaintiffs, Walquiria Cassini, Matthew Cassini, and Ryan Londono (collectively, "Plaintiffs"), allege that Defendant, Detective Amy Hoffman (hereinafter, "Detective Hoffman"), violated their constitutional rights in connection with a criminal investigation and resulting prosecution.

2. Plaintiffs allege that Detective Hoffman investigated allegations that Plaintiffs committed child sexual abuse and related offenses. Plaintiffs further allege that Detective Hoffman

prepared arrest affidavits that contained misrepresentations, omissions, and misleading characterizations of the evidence, which allegedly caused Plaintiffs to be arrested, detained, subjected to restrictive pretrial conditions, and prosecuted.

3.      According to the Complaint, the State ultimately entered a *nolle prosequi* as to all charges before trial. ECF No. 1, at ¶ 65. Plaintiffs were not tried or convicted.  Nevertheless, Plaintiffs now assert multiple overlapping constitutional claims arising from the same investigation, arrest affidavits, arrests, pretrial detention, release conditions, and prosecution.

4.      Counts I and III bring § 1983 claims against Detective Hoffman for alleged violations of the Fourth Amendment. Count I alleges false arrest [ECF No. 1, at ¶¶ 69-81] and Count III alleges malicious prosecution [*Id.* at ¶¶ 92-99]. Detective Hoffman has contemporaneously filed an Answer and Affirmative Defenses as to Counts I and III.[1]

5.      Count II should be dismissed as duplicative because it restates the same alleged seizure, detention, and deprivations of liberty already pleaded in Counts I and III. Count II arises from the same operative facts, challenges the same alleged absence of probable cause, and seeks duplicative the damages and relief as Counts I and III.

6.      Counts IV and V should be dismissed because they do not state legally cognizable causes of action under the facts alleged. Count IV attempts to plead a separate Fourteenth Amendment substantive due process claim based on alleged fabrication of evidence, but Plaintiffs' injuries are pretrial arrest, detention, and prosecution without probable cause, all of which are squarely governed by the Fourth Amendment and are already encompassed by Counts I and III.

---

[1] Plaintiffs also bring two *Monell* claims against Ric Bradshaw in his official capacity as the Sheriff of Palm Beach County, predicated on alleged official policy violations and failure to train. ECF No. 1, at ¶¶ 117-38.

7.      Count V likewise fails because Plaintiffs attempt to plead a *Brady*-based due process claim despite the fact that they never stood trial and were never convicted. *Brady* protects against an unfair trial and conviction. There is no standalone § 1983 claim available for alleged nondisclosure of exculpatory evidence where criminal charges were dismissed before trial.

8.      Accordingly, Detective Hoffman respectfully requests that the Court dismiss Counts II, IV, and V, with prejudice as duplicative and/or for failure to state claims upon which relief can be granted.

## **MEMORANDUM OF LAW**

### **I.      Legal Standard**

"The purpose of a motion to dismiss filed pursuant to the Federal Rule of Civil Procedure 12(b)(6) is to test the facial sufficiency of a complaint. The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. It should be read alongside Federal Rule of Civil Procedure 8(a)(2) which requires a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Coffie v. Fla. Crystals Corp.*, 460 F.Supp.3d 1297, 1303 (S.D. Fla. 2020).

"First, courts must take note of the elements a plaintiff must plead to state the applicable claims at issue." *Thornton v. Limestone Cnty. Bd. of Educ.*, No. 5:25-cv-00205-HNJ, 2026 WL 353623, at *1 (N.D. Ala. Feb. 9, 2026) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). A complaint must contain well-pleaded, non-conclusory factual allegations that, if accepted as true, are sufficient to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678. On a motion to dismiss, the court must assess the complaint's well-pleaded allegations to determine if they state a plausible cause of action based upon the identified claim's elements. *Id.* Moreover, dismissal is appropriate not only when a plaintiff fails to plead sufficient facts, but also when the claim asserted

3

is not legally cognizable under the governing law. *See Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) ("Dismissal is therefore permitted 'when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.'") (quoting *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

## II.  Count II should be dismissed as duplicative of Counts I and III.

Courts have authority to dismiss claims that are duplicative of other claims. *See, e.g., Manning v. Carnival Corp.*, No. 12-22258-CIV, 2012 WL 3962997, at *2 (S.D. Fla. Sept. 11, 2012) ("To promote judicial economy, a court should dismiss claims that are duplicative of other claims.") (internal quotations omitted). "Duplicative claims are those that stem from identical allegations, that are decided under identical legal standards, and for which identical relief is available." *Nat'l Ins. Consulting Grp., LLC v. Kandel*, No. 1:19-cv-22373-KMM, 2020 WL 13389742, at *2 (S.D. Fla. Jan. 15, 2020) (internal citations and quotations omitted); *see also Giambra v. Wendy's Int'l, Inc.*, No. 8:08-CV-2016-T-27EAJ, 2009 WL 1686677, at *2 (M.D. Fla. June 16, 2009) (dismissing negligent supervision claim as duplicative of respondeat superior claim because the two claims were "based on the same facts").

Count II is characterized as an "unlawful detention" claim arising under the Fourth Amendment. Count II alleges that Detective Hoffman caused Plaintiffs' "continued pre-trial detention after the absence of probable cause became apparent" through her arrest affidavits, testimony at Plaintiffs' pretrial detention/bond hearing, and the alleged withholding of exculpatory evidence. ECF No. 1, at ¶¶ 82-91.

The factual underpinnings for Count II are the same as in Counts I and III. First, Count II overlaps with Count I on the front end. Count I alleges false arrest and unlawful detention under the Fourth Amendment based on Detective Hoffman's arrest affidavits and the absence of probable

4

cause. ECF No. 1, at ¶¶ 69-81. Count II alleges the same Fourth Amendment seizure, premised on the same affidavits, the same absence of probable cause, and the same period of detention. *Id.* at ¶¶ 85-90.

Importantly, the elements of both claims are identical. This Court set forth the "elements of a cause of action for false arrest/false imprisonment":

> (1) the unlawful detention and deprivation of liberty of a person; (2) against that person's will; (3) without legal authority or "color of authority;" and (4) which is unreasonable or unwarranted under the circumstances.

*Mohammed v. U.S.*, No. 07-22306-CIV, 2007 WL 4557145, at *2 (S.D. Fla. Dec. 21, 2007) (internal quotations omitted). *See Lozman v. City of Riviera Beach*, 39 F.Supp.3d 1392, 1409 (S.D. Fla. 2014) ("A false arrest claim under § 1983 is substantially the same as a claim for false arrest under Florida law." The Court identified the same elements for a claim of false imprisonment or unlawful detention. *See Brown v. Ramsay*, 785 F.Supp.3d 1214, 1228 (S.D. Fla. 2025); *see also Bartley v. Kim's Enter. of Orlando, Inc.*, 568 Fed.Appx. 827, 833–34 (11th Cir. 2014) (calling false arrest, false detention, and false imprisonment "largely synonymous" and defining such claims as "the unlawful restraint of a person against his will, the gist of which action is the unlawful detention of the plaintiff and the deprivation of his liberty").

Moreover, Plaintiffs' alleged damages are nearly identical for both Counts I and II. Count I seeks damages for "loss of liberty, physical and emotional distress, reputational harm, loss of employment and income." ECF No. 1, at ¶ 81. Likewise, Count II seeks damages for "loss of liberty for nearly twenty months, physical and emotional distress, loss of employment and income, inability to participate meaningfully in their own defense." *Id.* at ¶ 91. Both counts seek compensatory damages, punitive damages, and attorneys' fees and costs. *Id.* at pp. 18, 20. *See Kandel*, 2020 WL 13389742 at *2 ("Duplicative claims are those that stem from identical

allegations, that are decided under identical legal standards, and for which identical relief is available.").

Count II also overlaps with Count III on the back end. Count III pleads a Fourth Amendment malicious prosecution claim premised on Plaintiffs' seizure and detention pursuant to legal process. Plaintiffs allege that their "physical incarceration, house arrest, GPS monitoring, internet restrictions, no-contact orders, and all associated restrictions on their freedom" were caused by Detective Hoffman's alleged distortion of evidence, omission of material facts, and concealment of exculpatory evidence. ECF No. 1, at ¶¶ 94-98. Count II challenges the same post-process seizure, arising from the same evidentiary misrepresentations, and seeks the same damages for the same period of detention. *See id.* at ¶¶ 84-90 (setting forth same underlying facts and theory of liability). To the extent Plaintiffs intend to challenge their pretrial detention after legal process began, that theory is already pleaded in Count III's malicious prosecution claim. *See Williams v. Aguirre*, 965 F.3d 1147, 1157–58 (11th Cir. 2020) (holding that a Fourth Amendment claim challenging pretrial detention pursuant to legal process is, in substance, a malicious prosecution claim).

Thus, whether Count II is read as a claim about Plaintiffs' arrest or the continued detention pursuant to legal process, each of those theories are covered in Counts I and III, respectively. Accordingly, Count II should be dismissed with prejudice.

**III.     Count IV should be dismissed because the Eleventh Circuit does not recognize a Fourteenth Amendment substantive due process claim for pretrial detention and prosecution caused by fabricated evidence.**

Count IV should be dismissed because Plaintiffs attempt to plead an independent Fourteenth Amendment substantive due process claim based on the same alleged conduct and injuries underlying their Fourth Amendment claims. Specifically, Plaintiffs allege that Detective

Hoffman "deliberately fabricat[ed] evidence" used to deprive Plaintiffs of their liberty, in violation of the Fourteenth Amendment. ECF No. 1, at ¶¶ 100-08. The factual theories underlying Count IV are the same as in Counts I and III: the same arrest affidavits, alleged misrepresentations and omissions, lack of probable cause, arrests, pretrial detention, and prosecution.

In *Albright v. Oliver*, the Supreme Court rejected substantive due process as a foundation for malicious prosecution and related misrepresentation of evidence theories, holding that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." 510 U.S. 266, 273 (1994) (internal quotations and citations omitted). The Fourth Amendment, the Court explained, is the "explicit textual source" for "deprivations of liberty that go hand in hand with criminal prosecutions." *See id.* at 274.

The Eleventh Circuit has applied *Albright* to bar substantive due process claims based on false or fabricated evidence, and has held that "under the Fourteenth Amendment, there is no substantive due process right to be free from malicious prosecution without probable cause. A malicious prosecution claim arises under the Fourth Amendment, not Fourteenth Amendment substantive due process." *Rehberg v. Paulk*, 611 F.3d 828, 853 (11th Cir. 2010) (cleaned up), *aff'd*, 566 U.S. 356 (2012); *see also Tinney v. Shores*, 77 F.3d 378, 381 (11th Cir. 1996) ("[A]n allegation of prosecution without probable cause must…be analyzed under the Fourth Amendment"); *Uboh v. Reno*, 141 F.3d 1000, 1003 n.4 (11th Cir. 1998) (holding that if malicious prosecution or abuse of process is committed by state actors and results in the arrest or other seizure of a defendant, the defendant's only remedy is under the Fourth Amendment) (*abrogated on other grounds by Williams v. Aguirre*, 965 F.3d 1147 (11th Cir. 2020)).

Moreover, the Supreme Court held in *Manuel v. City of Joliet*, that "[i]f the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment." 580 U.S. 357, 367 (2017). The Fourteenth Amendment, the Court explained, comes into play only after a conviction at trial:

> [O]nce a trial has occurred, the Fourth Amendment drops out: A person challenging the sufficiency of the evidence to support both a conviction and any ensuing incarceration does so under the Due Process Clause of the Fourteenth Amendment.

*Id.* at 369 n.8. Thus, where there has been no trial and no conviction, the Fourth Amendment is the source of any cognizable claim, and a Fourteenth Amendment substantive due process theory is unavailable.

A recent decision applied *Manuel* to dismiss the same theory Plaintiffs plead in Count IV. In *Thornton*, the plaintiff alleged that defendants falsified school records and maliciously initiated criminal truancy proceedings against her, which the State eventually dismissed before trial. 2026 WL 353623, at *1–2 (N.D. Ala. Feb. 9, 2026). She brought a Fourteenth Amendment substantive due process claim premised on the alleged fabrication of evidence. *Id.* at *2. After surveying *Albright*, *Rehberg*, *Tinney*, *Uboh*, and *Manuel*, the court dismissed the claim, concluding that applicable precedent holds that "pretrial deprivations of liberty based on fabricated evidence certainly give rise to a Fourth Amendment claim," but not a Fourteenth Amendment claim. *Id.* at *5–7. The dispositive fact was that the plaintiff "never proceeded to trial or received a conviction: the State dropped all charges against [her] prior to trial." *Id.* at *4. The court framed the rule by reference to *Manuel* and concluded that "a litigant may maintain a claim based upon the Fourteenth Amendment's Due Process Clause [only] if there ensues a wrongful conviction or imprisonment based upon fabricated evidence." *Id.* at *5, n.5.

Similarly, in *Bent v. Wilson*, the plaintiff alleged that officers prepared a false police report and coerced a witness identification, which led to his arrest and more than two years of pretrial detention before he was acquitted at trial. No. 6:21-cv-75, 2021 WL 3914475, at *1–2 (M.D. Fla. Aug. 16, 2021). He brought a Fourteenth Amendment fabrication of evidence claim. *Id.* at *2. The Middle District dismissed the claim, and relying on *Manuel*, held that the plaintiff's case "would arise under the Fourteenth Amendment only if he were challenging the sufficiency of the evidence to support a conviction and the subsequent incarceration. He does not so do here, as he was found not guilty of all charges by a jury." *Id.* at *3 (citation omitted). Even an acquittal at trial, in other words, was not enough to open the door to a Fourteenth Amendment claim. In the present case, Plaintiffs were never tried.

After the plaintiff amended his complaint, the *Bent* Court again dismissed the fabrication count on grounds that it was "duplicative of Plaintiff's unlawful pretrial detention claim because both claims rel[ied] on [the defendant]'s purportedly false or misleading statements to obtain an arrest warrant and Plaintiff's subsequent detention," and "to the extent that the claims [were] based on the same factual allegations and [sought] to vindicate the same harm, [the fabrication count] should be dismissed." No. 6:21-cv-75, 2022 WL 4290435, at *3 (M.D. Fla. Sept. 16, 2022). Additionally, "to the extent Plaintiff instead intended to vindicate the harm arising from his prosecution, as opposed to his arrest and detention," the count was "***a mislabeled claim for malicious prosecution***" arising under the Fourth Amendment. *Id.* (emphasis added). "[I]n the Eleventh Circuit, ***a fabrication-of-evidence claim is really just a species of malicious prosecution***" because it "vindicates [ ] the right not to be prosecuted with fabricated evidence." *Watkins v. Session*, No. 19-60810-CIV, 2021 WL 663762, at *10 (S.D. Fla. Feb. 19, 2021) (emphasis added); *see also Williams v. Miami-Dade Police Dep't*, 297 Fed.Appx. 941, 947 (11th

9

Cir. 2008) ("Williams's malicious prosecution claim against Baaske is based upon Baaske's alleged act of fabricating evidence, which resulted in the prosecutor being presented with false and misleading evidence.").

In the present case, Plaintiffs were never tried or convicted, and the alleged fabrication of evidence caused only their pretrial arrest, detention, release conditions, and prosecution. These same injuries are already pleaded as Fourth Amendment claims in Counts I (false arrest) and III (malicious prosecution). The Fourth Amendment supplies the exclusive framework for the alleged pretrial deprivations of liberty. *See Thornton*, 2026 WL 353623, at \*6; *Manuel*, 580 U.S. at 367. Count IV should accordingly be dismissed.

## IV.   Count V should be dismissed because Plaintiffs' allegations do not state a due process claim based on *Brady*.

Count V alleges that Detective Hoffman "deliberately suppress[ed] material exculpatory evidence," in violation of the Fourteenth Amendment's Due Process Clause under *Brady v. Maryland*, 373 U.S. 83 (1963). ECF No. 1, at ¶¶ 109-116. *Brady* protects an accused's due process right to a fair trial; it does not create a freestanding § 1983 cause of action for pretrial nondisclosure where the defendant is never tried or convicted.

In *Flores v. Satz*, the plaintiff was arrested for capital sexual battery, denied bond, and detained pretrial. 137 F.3d 1275, 1276 (11th Cir. 1998). The State eventually entered a *nolle prosequi*. *Id.* at 1277. The plaintiff brought a § 1983 action alleging, among other claims, that prosecutors had violated his Fourteenth Amendment due process rights by failing to disclose *Brady* material to the defense. *Id.* The Eleventh Circuit held that no *Brady* claim could lie:

> *Brady* protects an accused's due process right to a fair trial. And, due process is violated when a defendant is convicted in a trial in which the prosecution failed to disclose to the defense exculpatory or impeachment evidence that undermines confidence in the outcome of the trial. *See Brady*, 373 U.S. at 87; *United States v. Newton*, 44 F.3d 913, 918 (11th Cir.1994) ("The *Brady* rule

10

> protects a defendant from erroneous conviction ...."); *see also United States v. Bailey*, 123 F.3d 1381, 1398 (11th Cir.1997) (no Brady violation because no exculpatory evidence that would "have affected [defendant's] conviction"). Plaintiff, however, was never convicted and, therefore, did not suffer the effects of an unfair trial. As such, the facts of this case do not implicate the protections of *Brady*.

*Id.* at 1278 (cleaned up). The court added that *Brady* "is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation," and that "an attempt to have *Brady* encompass discovery materials, in general, must be unavailing." *Id.* at 1279 n.8 (citations omitted).

This District applied *Flores* to dismiss a *Brady*-based § 1983 claim similar to the one asserted by Plaintiffs here. *See Hayden v. Broward Cnty.*, No. 12-62278-CIV, 2013 WL 4786486 (S.D. Fla. Sept. 6, 2013). In *Hayden*, the plaintiff alleged that defendant officers withheld exculpatory evidence in violation of due process. *Id.* at *5. After the State entered a *nolle prosequi*, plaintiff sued under § 1983. *Id.* at *2, 5. The court dismissed the claim, finding:

> *Brady* protects an individual's due-process right to have a fair trial and to be free from erroneous prosecution. When, as here, the prosecutor enters a *nolle prosequi* and the individual is never tried or convicted, the individual cannot state a *Brady* due-process violation.

*Id.* at *5 (citing *Flores*, 137 F.3d at 1278–79). The *Hayden* Court also reaffirmed that "no due-process right to be free from an unlawful arrest or prosecution exists," and that "the appropriate avenue of attack on an unlawful arrest or prosecution is by way of the Fourth Amendment." *Id.* (citing *Albright*, 510 U.S. at 274–75). Similarly, in this case, criminal charges were filed, but the prosecution dropped the charges and Plaintiffs did not go to trial. ECF No. 1, at ¶ 65.

Plaintiffs cite *McMillian v. Johnson*, 88 F.3d 1554 (11th Cir. 1996), in support of Count V. ECF No. 1, at ¶ 111. *McMillian* arose from a wrongful conviction. The plaintiff there had been convicted of capital murder and sentenced to death, and spent nearly six years on death row before an appellate court reversed his conviction because of the State's failure to disclose exculpatory

11

and impeachment evidence at trial. *Id.* at 1557. The Eleventh Circuit's *Brady* analysis in *McMillian* is framed throughout in terms of the trial: "*Brady* protects an accused's due process right to a fair **trial**," and "[e]vidence is material if its suppression undermines confidence in the **outcome of the trial**." *Id.* at 1567 (emphasis added). *McMillian* did not address a *Brady* theory in a case that ended before trial. Two years later, in *Flores*, the Eleventh Circuit held expressly that no such claim lies. *See* 137 F.3d at 1278. *See also U.S. v. Gilbert*, 198 F.3d 1293, 1304 (11th Cir. 1999) ("The obligation to disclose exculpatory evidence under *Brady* applies only in regard to trials, and there is no *Brady* violation except where there is a reasonable probability that non-disclosure would change the result of the trial.") (cleaned up); *McCune v. City of Grand Rapids*, 842 F.2d 903, 907 (6th Cir. 1988) (holding that plaintiff had no independent claim for wrongful suppression of exculpatory evidence where the underlying criminal proceeding terminated in his favor, and suppression of evidence was, at most, relevant to a malicious prosecution claim).

In this case, Plaintiffs were never tried. The charges were nolle prossed on October 30, 2025. ECF No. 1, at ¶ 65. Whatever the merits of Plaintiffs' allegations that Detective Hoffman withheld evidence, the law in this Circuit does not recognize those allegations as the basis for a standalone *Brady* cause of action. To the extent Plaintiffs contend that the alleged nondisclosure contributed to their continued prosecution and pretrial detention, that allegation is the substance of a malicious prosecution claim, which Plaintiffs have already pleaded as Count III. *See Hayden*, 2013 WL 4786486, at *5 (citing *Albright*, 510 U.S. at 274–75 for the proposition that pretrial deprivations of liberty fall within the ambit of the Fourth Amendment). Count V should therefore be dismissed with prejudice.

WHEREFORE, the Defendant, AMY HOFFMAN, respectfully requests the Court enter an Order dismissing Counts II, IV, and V of Plaintiffs' Complaint with prejudice, because they are

duplicative of Counts I and III and/or fail to state legally cognizable causes of action, and for any further relief the Court deems just and proper.

**Dated:**         **April 30, 2026**

Respectfully Submitted,

s/ James O. Williams, Jr., Esq.
James O. Williams, Jr., Esq.
Florida Bar No. 614513

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was filed through the CM/ECF filing system which will provide copies to all parties on April 30, 2026.

s/ James O. Williams, Jr., Esq.
James O. Williams, Jr., Esq.
Florida Bar No. 614513
Abigail M. Laflamme, Esq.
Florida Bar No. 1058075
Service to: eservice@wlclaw.com
Williams, Leininger & Cosby, P.A.
555 Heritage Drive, Suite 201
Jupiter, FL  33458-5290
Telephone: 561-615-5666
Facsimile: 561-615-9606
Attorneys for Defendant Amy Hoffman

13