**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 9:26-cv-80234**
**HONORABLE ED ARTAU**

WALQUIRIA CASSINI, MATTHEW
CASSINI, and RYAN LONDONO,

Plaintiffs,

v.

RIC BRADSHAW, in his official capacity as
Sheriff of Palm Beach County, Florida; and
AMY HOFFMAN, in her individual capacity,

Defendants.

_____/

## DEFENDANT, AMY HOFFMAN'S ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL AS TO COUNTS I AND III OF PLAINTIFFS' COMPLAINT

COMES NOW, the Defendant, AMY HOFFMAN (hereinafter, "Detective Hoffman"), by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure 8 and 12, and hereby files her Answer, Affirmative Defenses, and Demand for Jury Trial as to Counts I and III of Plaintiffs' Complaint [ECF No. 1], and states as follows:

### NATURE OF THE ACTION

1-10.   Detective Hoffman has contemporaneously filed a Motion to Strike the impertinent and immaterial allegations in paragraphs 1-10. To the extent a response is deemed required, Detective Hoffman denies each of the allegations therein (paragraphs 1-10 of the Complaint).

## JURISDICTION AND VENUE

11.     Admitted for jurisdictional purposes only.

12.     Admitted.

13.     Admitted.

14.     Admitted for venue purposes only.

## PARTIES

15.     Detective Hoffman lacks knowledge sufficient to form a belief about the truth of the allegations in paragraph 15, and therefore denies same.

16.     Detective Hoffman lacks knowledge sufficient to form a belief about the truth of the allegations in paragraph 16, and therefore denies same.

17.     Detective Hoffman lacks knowledge sufficient to form a belief about the truth of the allegations in paragraph 17, and therefore denies same.

18.     Admitted for jurisdictional purposes only.

19.     Admitted for jurisdictional purposes only.

## FACTUAL BACKGROUND

20.     Denied as phrased.

21.     Detective Hoffman lacks knowledge sufficient to form a belief about the truth of the allegations in paragraph 21, and therefore denies same.

22.     Denied.

23.     Detective Hoffman admits that the children's father called the Marion County Sheriff's Office on November 27, 2023, and reported that the children had been sexually abused by Plaintiffs. Detective Hoffman lacks knowledge sufficient to form a belief about the truth of the remainder of the allegations in paragraph 23, and therefore denies same.

24. Denied as phrased.

25. Detective Hoffman admits that she was assigned to the investigation on November 30, 2023. Detective Hoffman denies the remaining allegations in paragraph 25.

26. Detective Hoffman admits that M.A.M. and M.J.M were interviewed shortly after the investigation began and that Detective Hoffman was not present at these first two interviews. Detective Hoffman admits that M.A.M. and M.J.M. reported detailed descriptions of sexual abuse by all three Plaintiffs, and that M.A.M. and M.J.M. declined sexual battery examinations. Detective Hoffman denies the remaining allegations in paragraph 26.

27. Detective Hoffman admits that the allegations of online transmission of child pornography prompted the FBI's investigation beginning in December 2023, that Special Agent Sara Talley was assigned to the case as the lead agent, and that the FBI would investigate the online sexual abuse/exploitation, while PBSO would investigate the physical sexual abuse of the children. Detective Hoffman denies the remaining allegations in paragraph 27.

28. Admitted.

29. Detective Hoffman admits that at some point during the investigation, the FBI became interested in a user of the adult website motherless.com with the username "bigp92." Detective Hoffman lacks knowledge sufficient to form a belief about the truth of the remaining allegations in paragraph 29, and therefore denies same.

30. Denied.

31. Denied.

32. Denied.

33. Detective Hoffman admits that she, along with a team of law enforcement officers, traveled to Ocala for follow-up interviews of M.A.M., M.J.M, their father, and grandmother.

Detective Hoffman admits that the father declined a search of his cell phone. Detective Hoffman denies the remaining allegations in paragraph 33.

34. Denied as phrased.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Admitted.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied as phrased.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55.     Denied.

56.     Denied.

57.     Detective Hoffman admits that the pretrial release hearing occurred on May 10, 2024, and that she testified at same in opposition to Plaintiffs' release. Detective Hoffman denies the remaining allegations in paragraph 57.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Detective Hoffman admits that the State Attorney's Office dismissed the charges against Plaintiffs on October 30, 2025. Detective Hoffman denies the remaining allegations in paragraph 65.

66.     Denied.

67.     Detective Hoffman lacks knowledge sufficient to form a belief about the truth of the allegations in paragraph 67, and therefore denies same.

68.     Detective Hoffman lacks knowledge sufficient to form a belief about the truth of the allegations in paragraph 68, and therefore denies same.

### COUNT I – FALSE ARREST PURSUANT TO 42 U.S.C. § 1983

**Plaintiffs Walquiria Cassini, Matthew Cassini and Ryan Londono v. Amy Hoffman**

69.     Detective Hoffman repeats and realleges her responses contained in the preceding paragraphs as if fully set forth herein.

70.     Paragraph 70 recites legal conclusions from case law and is not an allegation directed at Detective Hoffman. To the extent a response is required, the allegation is admitted.

71.     Paragraph 71 recites legal conclusions from case law and is not an allegation directed at Detective Hoffman. To the extent a response is required, the allegation is admitted.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Detective Hoffman admits that Plaintiffs were arrested on March 5, 2024. Detective Hoffman denies the remaining allegations in paragraph 76.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied

**COUNT II – UNLAWFUL DETENTION VIOLATING
FOURTH AMENDMENT PURSUANT TO 42 U.S.C. § 1983**

**Plaintiffs Walquiria Cassini, Matthew Cassini and Ryan Londono v. Amy Hoffman**

Detective Hoffman has contemporaneously filed a Motion to Dismiss Count II.

**COUNT III – MALICIOUS PROSECUTION VIOLATING
FOURTH AMENDMENT PURSUANT TO 42 U.S.C. § 1983**

**Plaintiffs Walquiria Cassini, Matthew Cassini and Ryan Londono v. Amy Hoffman**

92. Detective Hoffman repeats and realleges her responses contained in the preceding paragraphs as if fully set forth herein.

93. Paragraph 93 recites legal conclusions from case law and is not an allegation directed at Detective Hoffman. To the extent a response is required, the allegation is admitted.

94. Denied.

95. Denied.

96. Detective Hoffman admits that the State Attorney's Office dismissed the charges against Plaintiffs on October 30, 2025. Detective Hoffman denies the remaining allegations in paragraph 96.

97. Denied.

98. Denied.

99. Denied.

## COUNT IV – FABRICATION OF EVIDENCE AND DEPRIVATION OF LIBERTY VIOLATING FOURTEENTH AMENDMENT PURSUANT TO 42 U.S.C. § 1983

**Plaintiffs Walquiria Cassini, Matthew Cassini and Ryan Londono v. Amy Hoffman**

Detective Hoffman has contemporaneously filed a Motion to Dismiss Count IV.

## COUNT V – SUPPRESSION OR DESTRUCTION OF EXCULPATORY EVIDENCE VIOLATING FOURTEENTH AMENDMENT PURSUANT TO 42 U.S.C. § 1983

**Plaintiffs Walquiria Cassini, Matthew Cassini and Ryan Londono v. Amy Hoffman**

Detective Hoffman has contemporaneously filed a Motion to Dismiss Count V.

## COUNT VI –*MONELL* CLAIM, OFFICIAL POLICY VIOLATION IN VIOLATION OF THE FOURTEENTH AMENDMENT PURSUANT TO 42 U.S.C. § 1983

**Plaintiffs Walquiria Cassini, Matthew Cassini and Ryan Londono v. Ric Bradshaw, in his Official Capacity as Sheriff of Palm Beach County, Florida**

Detective Hoffman states that Count VI is not directed at her. Accordingly, no response is required. To the extent a response is deemed required, Detective Hoffman denies the allegations therein (paragraphs 117-127 of the Complaint).

## COUNT VII –*MONELL* CLAIM, FAILURE TO SUPERVISE IN VIOLATION OF THE FOURTEENTH AMENDMENT PURSUANT TO 42 U.S.C. § 1983

**Plaintiffs Walquiria Cassini, Matthew Cassini and Ryan Londono v. Ric Bradshaw, in his Official Capacity as Sheriff of Palm Beach County, Florida**

Detective Hoffman states that Count VII is not directed at her. Accordingly, no response is required. To the extent a response is deemed required, Detective Hoffman denies the allegations therein (paragraphs 128-138 of the Complaint).

## PRAYER FOR RELIEF

Detective Hoffman denies that Plaintiffs are entitled to any monetary or equitable relief.

## AFFIRMATIVE DEFENSES

1.      As and for a first affirmative defense, Defendant states that Plaintiffs failed to take reasonable steps to mitigate damages, if any, and is therefore not entitled to recovery of any damages which could have been mitigated.

2.      As and for a second affirmative defense, Detective Hoffman is entitled to qualified immunity because, at all material times, she was acting within the scope of her discretionary authority as a law enforcement officer, and her conduct did not violate any clearly established constitutional right of which a reasonable officer would have known. Plaintiffs cannot show that pre-existing law placed the alleged constitutional violation beyond debate under the specific circumstances.

3.      As and for a third affirmative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, because probable cause existed to support the arrest affidavits, arrests,

8

detention, and/or initiation or continuation of criminal proceedings based on the information known to law enforcement at the relevant, material times.

4.     As and for a fourth affirmative defense, Defendant states that Plaintiffs' claims are barred by qualified immunity because Detective Hoffman had, at minimum, arguable probable cause. Reasonable officers in the same circumstances and possessing the same information could have believed probable cause existed.

5.     As and for a fifth affirmative defense, Defendant states that Plaintiffs' claims are barred or limited because the decisions to file charges, continue prosecution, seek or oppose bond conditions, impose detention or release conditions, and/or maintain the criminal proceedings were made by prosecutors and/or judicial officers exercising independent judgment, thereby breaking or limiting any causal connection between Detective Hoffman's alleged conduct and Plaintiffs' claimed injuries.

6.     As and for a sixth affirmative defense, Defendant states that Plaintiffs' damages, if any, were caused in whole or in part by intervening and superseding acts or omissions of third parties, including but not limited to prosecutors, judicial officers, other law enforcement agencies, witnesses, and/or other individuals over whom Detective Hoffman had no control.

7.     As and for a seventh affirmative defense, Defendant states that Plaintiffs' claims are barred to the extent they depend on legal theories that were not clearly established at the time of the alleged conduct. Plaintiffs cannot establish that then-existing precedent from the United States Supreme Court, Eleventh Circuit, or Florida Supreme Court clearly prohibited Detective Hoffman's alleged conduct under materially similar circumstances.

8.     As and for an eighth affirmative defense, Defendant states that Plaintiffs' claims are barred or limited because Detective Hoffman reasonably relied on information obtained from

9

witnesses, other law enforcement officers, investigative agencies, records, subpoena responses, and/or other sources during the investigation.

9.      As and for a ninth affirmative defense, Defendant states that Plaintiffs' malicious prosecution claim is barred because Detective Hoffman did not act with malice, bad faith, or improper purpose. Detective Hoffman acted in good faith and in an objectively reasonable manner based on the information available during the investigation.

10.     As and for a tenth affirmative defense, Defendant states that Plaintiffs' false arrest or unlawful detention claim is barred or limited to the extent Plaintiffs were arrested, detained, or subjected to conditions pursuant to facially valid legal process, including arrest warrants, judicial determinations, court orders, or prosecutorial charging decisions.

11.     As and for an eleventh affirmative defense, Defendant states that Plaintiffs' claims are barred or limited because Detectives Hoffman's alleged conduct was not the legal or proximate cause of Plaintiffs' alleged injuries, damages, detention, prosecution, employment consequences, reputational harm, or emotional distress.

12.     As and for a twelfth affirmative defense, Defendant states that Plaintiffs' claimed damages are barred or reduced to the extent they were caused by other persons, entities, events, preexisting circumstances, or independent decisions not attributable to Detective Hoffman.

13.     As and for a thirteenth affirmative defense, Defendant states that Plaintiffs are not entitled to punitive damages because Detective Hoffman did not act with evil motive, intent, reckless indifference, or the degree of culpability necessary to support punitive damages under § 1983.

## JURY TRIAL DEMAND

Defendant hereby demands a trial by jury of all issues so triable.

WHEREFORE, Defendant, AMY HOFFMAN, demands judgment against Plaintiffs for costs and all other damages which this Court deems just and equitable.

**Dated: April 30, 2026**

Respectfully Submitted,

s/ James O. Williams, Jr., Esq.
James O. Williams, Jr., Esq.
Florida Bar No.: 614513

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the foregoing was filed through the CM/ECF filing system which will provide copies to all parties on April 30, 2026.

s/ James O. Williams, Jr., Esq.
James O. Williams, Jr., Esq.
Florida Bar No. 614513
Abigail M. Laflamme, Esq.
Florida Bar No. 1058075
Service to: eservice@wlclaw.com
Williams, Leininger & Cosby, P.A.
555 Heritage Drive, Suite 201
Jupiter, FL 33458-5290
Telephone: 561-615-5666
Facsimile: 561-615-9606
Attorneys for Defendant Amy Hoffman