UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WALQUIRIA CASSINI,                                    CASE NO. 9:26-cv-80234-EA
MATTHEW CASSINI,
and RYAN LONDONO,

      Plaintiffs,

v.

RIC BRADSHAW, in his official capacity as
Sheriff of Palm Beach County, Florida; and
AMY HOFFMAN, in her individual capacity,

      Defendants.

_____/

## DEFENDANT SHERIFF'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT

The Defendant, RIC BRADSHAW, in his official capacity as Palm Beach County Sheriff, by and through undersigned counsel, hereby files this Answer and Defenses to the Plaintiffs' Complaint [DE 1], and would state as follows:

1. Denied. This paragraph does not comply with Fed. R.Civ.P. 8(a) or 10(b) as it contains argument and is not limited to a single set of circumstances.

2. Denied. This paragraph does not comply with Fed. R.Civ.P. 8(a) or 10(b) as it contains argument and is not limited to a single set of circumstances.

3. Denied. This paragraph does not comply with Fed. R.Civ.P. 8(a) or 10(b) as it contains argument and is not limited to a single set of circumstances.

4. Denied. This paragraph does not comply with Fed. R.Civ.P. 8(a) or 10(b) as it contains argument and is not limited to a single set of circumstances.

5. Denied.

1

6.     Denied. This paragraph does not comply with Fed. R.Civ.P. 8(a) or 10(b) as it contains argument and is not limited to a single set of circumstances.

7.     Denied. This paragraph does not comply with Fed. R.Civ.P. 8(a) or 10(b) as it contains argument and is not limited to a single set of circumstances.

8.     Admitted that on October 30, 2025, the State Attorney's Office dismissed the charges against the Plaintiffs. All other allegations are denied.

9.     Denied. This paragraph does not comply with Fed. R.Civ.P. 8(a) or 10(b) as it contains argument and is not limited to a single set of circumstances.

10.  Denied.

**JURISDICTION AND VENUE**

11.  Admitted for jurisdictional purposes only.

12.   Admitted for jurisdictional purposes only.

13.  Admitted for jurisdictional purposes only.

14.   Admitted only that venue is proper.

**PARTIES**

15.   Without knowledge and therefore denied.

16.   Without knowledge and therefore denied.

17.   Without knowledge and therefore denied.

18.   Admitted only that Detective Amy Hoffman is an adult who at all times relevant was employed as a detective with the Palm Beach County Sheriff's office. All other allegations are denied.

19.   Admitted that Ric Bradshaw is the duly elected Sheriff of Palm Beach County, Florida and that he is sued in his official capacity. Denied as phrased as to the remaining allegations.

2

## FACTUAL BACKGROUND

20.    Denied as phrased.

21.    Without knowledge and therefore denied.

22.    Without knowledge and therefore denied. In addition, this paragraph does not comply with Fed. R.Civ.P. 8(a) or 10(b) as it contains argument and is not limited to a single set of circumstances.

23.    Without knowledge and therefore denied.

24.    Denied as phrased.

25.    Admitted only that Detective Hoffman received this case for a follow-up investigation. Denied as to all other allegations.

26.    Admitted that M.A.M. and M.J.M. were interviewed. Denied as phrased as to all other allegations. In addition, this paragraph does not comply with Fed. R.Civ.P. 8(a) or 10(b) as it contains argument and is not limited to a single set of circumstances.

27.    Admitted that the FBI Agent Talley was involved in the investigation. Without knowledge as to all other allegations and therefore denied. In addition, this paragraph does not comply with Fed. R.Civ.P. 10(b) as it is not limited to a single set of circumstances.

28.    Admitted.

29.    Without knowledge and therefore denied.

30.    Without knowledge and therefore denied, and strict proof thereof is demanded. In addition, this paragraph does not comply with Fed. R.Civ.P.10(b) as it is not limited to a single set of circumstances.

31.    Denied and strict proof thereof is demanded.

32.    Denied.

33. Denied as phrased and strict proof thereof is demanded. In addition, this paragraph does not comply with Fed. R.Civ.P.10(b) as it is not limited to a single set of circumstances.

34. Denied as phrased.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied. In addition, this paragraph does not comply with Fed. R.Civ.P.10(b) as it is not limited to a single set of circumstances.

41. Denied. In addition, this paragraph does not comply with Fed. R.Civ.P. 8(a) or 10(b) as it contains argument and is not limited to a single set of circumstances.

42. Admitted.

43. Denied.

44. Denied and strict proof thereof is demanded.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied as phrased.

51. Without knowledge and therefore denied.

52. Without knowledge and therefore denied.

53.   Denied.

54.   Without knowledge and therefore denied.

55.   Denied.

56.   Denied.

57.   Admitted only that a hearing was held on May 10, 2024 and Detective Hoffman testified during the hearing. Without knowledge and therefore denied as to all other allegations.

58.   Denied.

59.   Denied.

60.   Denied.

61.   Denied.

62.   Without knowledge and therefore denied. In addition, this paragraph does not comply with Fed. R.Civ.P.10(b) as it is not limited to a single set of circumstances.

63.   Denied.

64.   Denied.

65.   Admitted that on October 30, 2025, the State Attorney's Office dismissed the charges against the Plaintiffs. All other allegations are denied.

66.   Denied.

67.   Without knowledge and therefore denied.

68.   Without knowledge and therefore denied.

## COUNT I – FALSE ARREST PURSUANT TO 42 U.S.C. § 1983
### Plaintiffs Walquiria Cassini, Matthew Cassini and Ryan Londono v. Amy Hoffman

69.   – 81.  As this Count is not brought against this Defendant, no responses are provided as to Paragraphs 68. – 81.

## COUNT II – UNLAWFUL DETENTION VIOLATING

**FOURTH AMENDMENT PURSUANT TO 42 U.S.C. § 1983**
**Plaintiffs Walquiria Cassini, Matthew Cassini and Ryan Londono v. Amy Hoffman**

82. – 91.  As this Count is not brought against this Defendant, no responses are provided as to

Paragraphs 82. - 91.

**COUNT III – MALICIOUS PROSECUTION VIOLATING FOURTH**
**AMENDMENT PURSUANT TO 42 U.S.C. § 1983**
**Plaintiffs Walquiria Cassini, Matthew Cassini and Ryan Londono v. Amy Hoffman**

92. – 99.  As this Count is not brought against this Defendant, no responses are provided as

to Paragraphs 92. - 99.

**COUNT IV – FABRICATION OF EVIDENCE AND DEPRIVATION OF LIBERTY**
**VIOLATING FOURTEENTH AMENDMENT PURSUANT TO 42 U.S.C. § 1983**
**Plaintiffs Walquiria Cassini, Matthew Cassini and Ryan Londono v. Amy Hoffman**

100. – 108. As this Count is not brought against this Defendant, no responses are provided as

to Paragraphs 100. - 108.

**COUNT V – SUPPRESSION OR DESTRUCTION OF EXCULPATORY EVIDENCE**
**VIOLATING FOURTEENTH AMENDMENT PURSUANT TO 42 U.S.C. § 1983**
**Plaintiffs Walquiria Cassini, Matthew Cassini and Ryan Londono v. Amy Hoffman**

109. – 116. As this Count is not brought against this Defendant, no responses are provided as

to Paragraphs 109. - 116.

**COUNT VI – *MONELL* CLAIM, OFFICIAL POLICY IN VIOLATION OF THE**
**FOURTEENTH AMENDMENT PURSUANT TO 42 U.S.C. § 1983**
**Plaintiffs Walquiria Cassini, Matthew Cassini and Ryan Londono v. Ric Bradshaw, in his**
**Official Capacity as Sheriff of Palm Beach County, Florida**

117.     See Defendant Sheriff's answers to all preceding paragraphs.

118.      Denied.

119.     This paragraph contains a statement of law, not fact. Thus, no answer is necessary.

However, denied as phrased.

120.     Denied as phrased.

121.     Denied.

122.     Denied as phrased.

123.     Denied.

124.     Denied as phrased.

125.     Denied.

126.     Denied.

127.     Denied.

**COUNT VII – MONELL CLAIM, FAILURE TO SUPERVISE IN VIOLATION OF THE FOURTEENTH AMENDMENT PURSUANT TO 42 U.S.C. § 1983**
**Plaintiffs Walquiria Cassini, Matthew Cassini and Ryan Londono v. Ric Bradshaw, in his Official Capacity as Sheriff of Palm Beach County, Florida**

128.     See Defendant Sheriff's answers to all preceding paragraphs

129.     Denied.

130.     Denied as phrased.

131.     This paragraph contains a statement of law, not fact. Thus, no answer is necessary.

However, denied as phrased.

132.      Denied as phrased.

133.     Denied. In addition, this paragraph does not comply with Fed. R.Civ.P.10(b) as it

is not limited to a single set of circumstances.

134.     Denied.

135.     Denied.

136.     Denied.

137.	Denied.

138.	Denied.

## PRAYER FOR RELIEF

a.	Denied.

b.	Denied.

c.	Denied.

d.	Denied.

e.	Denied.

## GENERAL DENIAL

Any and all allegations to which a specific response has not previously been provided is herein denied and strict proof thereof is demanded.

## DEFENSES

1.	As a first and separate Defense, the Defendant Sheriff, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, would assert that the Plaintiffs have failed to state a claim for relief based upon an alleged violation of the Fourteenth Amendment.

2.	As a further and separate Defense, the Defendant Sheriff would assert that he has no custom, policy, practice, or procedure that provided the moving force or cause of any alleged violation of Plaintiffs' constitutional rights.

3.	As a further and separate Defense, the Defendant Sheriff would assert that Plaintiffs' constitutional rights were not violated.

4.	As a further and separate Defense, to the extent the Plaintiffs' Complaint seeks punitive damages against the Defendant Sheriff who is named in his official capacity only, the Defendant Sheriff hereby moves to dismiss Plaintiff's demand for punitive damages pursuant to

<u>Calvin v. McDougall, Sheriff of Lee County</u>, 62 F.3d 1316 (11th Cir. 1995) and <u>Newport, et al.,</u> <u>v. Fact Concerts, Inc. et al.</u>, 453 U.S. 247 (1981).

5.     As a further and separate Defense, the Defendant Sheriff would assert that any and all injuries or damages suffered by Plaintiffs were caused by reason of their own negligence and/or wrongful acts and/or misconduct.

6.     As a further and separate Defense, the Defendant Sheriff would assert that any and all injuries or damages suffered by Plaintiffs were caused in whole or in part by reason of the wrongful acts of others, including but not limited to prosecutors, judicial officers, other law enforcement agencies, witnesses, and/or other individuals over which this Defendant had no control or responsibility for control.

7.     As a further and separate Defense, the Defendant Sheriff would assert that the actions of his deputies were taken:

a.     Without malice;

b.     With probable cause and/or reasonable suspicion;

c.     In pursuit of lawful and legal duties.

8.     As a further and separate Defense, the Defendant Sheriff would assert that he is entitled to a set off for any collateral sources of compensation for Plaintiffs' alleged injuries and/or damages.

9.     As a further and separate Defense, the Defendant Sheriff would state that to the extent the Plaintiffs have failed to mitigate their damages, Defendant Sheriff is entitled to a reduction of any jury award.

9

10. As a further and separate Defense, to the extent Plaintiffs incurred any medical bills, the Defendant Sheriff is entitled to a set-off for any medical bills that were written off by medical providers who examined and/or treated Plaintiffs pursuant to the Plaintiffs' contracts with health insurance/maintenance organizations, Goble v. Frohman, 901 So.2d 830 (Fla. 2005), and/or reduced upon the Plaintiffs' acceptance of payments from Medicare and/or Medicaid. Thyssenkrupp Elevator Corp. v. Lasky, 868 So.2d 547 (Fla. 4th DCA 2003).

## DEMAND FOR TRIAL BY JURY

The Defendant Sheriff hereby demands trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was electronically filed with the Clerk of Court via the CM/ECF system which will send an electronic copy to: **MATTHEW A. GOLDBERGER, ESQUIRE**, Goldberger, Sacks, & Saladrigas PLLC, 1555 Palm Beach Lakes Blvd., Suite 1400, West Palm Beach, Florida 33401, (Email: matthew@soflajustce.com; sherry@goldbergerweiss.com) Counsel for Plaintiff and **JAMES O. WILLIAMS, JR., ESQUIRE,** Williams, Leininger & Cosby, P.A., 555 Heritage Drive, Suite 201, Jupiter, FL 33458, (Email: eservice@wlclaw.com) Counsel for Defendant Hoffman, this 30th day of April, 2026.

*/s/ Summer M. Barranco*
SUMMER M. BARRANCO, ESQUIRE
Fla. Bar No. 984663
PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
2455 E. Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone:     (954) 462-3200
E-mail: summer@purdylaw.com; isabella@purdylaw.com
Attorneys for *Defendant Sheriff*