UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No: 9:26-cv-80234

WALQUIRIA CASSINI,
MATTHEW CASSINI,
and RYAN LONDONO,

      Plaintiffs,

v.

RIC BRADSHAW, in his official capacity as Sheriff of Palm Beach County, Florida; and
AMY HOFFMAN, in her individual capacity,

      Defendants.

_____/

**PLAINTIFFS' RESPONSE TO DEFENDANT, AMY HOFFMAN'S, MOTION TO STRIKE IMMATERIAL AND IMPERTINENT MATTER FROM PLAINTIFFS' COMPLAINT**

      Plaintiffs, WALQUIRIA CASSINI, MATTHEW CASSINI, and RYAN LONDONO (collectively, "Plaintiffs"), by and through undersigned counsel, respectfully file this Response in Opposition to Defendant Amy Hoffman's ("Defendant Hoffman") Motion to Strike Immaterial and Impertinent Matter from Plaintiffs' Complaint [DE 13], and state as follows:

**INTRODUCTION**

      On March 5, 2026, Plaintiffs filed a seven-count complaint (the "Complaint") on behalf of alleging violations of their rights protected by the Fourth and Fourteenth Amendments to the United States Constitution. [DE 1].

      On April 30, 2026, Defendant Hoffman filed a "Motion to Strike Immaterial and Impertinent Matter From Plaintiffs' Complaint" ("Motion to Strike") [DE 13]. Specifically,

Defendant Hoffman's asks this Court to strike paragraphs 1-10, or the "Nature of the Action" ("NOA") portion of Plaintiffs' complaint. (Compl. ¶ ¶ 4-5).

In support thereof, Defendant Hoffman contends that the "challenged allegations are immaterial, impertinent, and unnecessarily inflammatory" and, accordingly, should be stricken. *See* [DE 13] at ¶7.

Because the NOA section in Plaintiffs' Complaint is necessary to provide the Court with context for the seven counts brought by three plaintiffs against two Defendants, and because the allegations contained therein are neither immaterial, impertinent, nor unnecessarily inflammatory, Plaintiffs respectfully request that the Court deny Defendant Hoffman's "Motion to Strike Immaterial And Impertinent Matter from Plaintiffs' Complaint."

### MEMORANDUM OF LAW

**I.      Motions to Strike Are Disfavored and Rarely Granted**

"The purpose of a motion to strike is to clean up the pleadings, streamline litigation, *and avoid unnecessary forays into immaterial matters.*" *Hutchings v. Fed. Ins. Co.*, No. 6:08-cv-305-Orl-19KRS, 2008 WL 4186994, at *2 (M.D. Fla. Sept. 8, 2008) (internal citations and quotations omitted, emphasis added). Motions to strike under Federal Rule of Civil Procedure 12(f) are a "drastic remedy[,]" disfavored by the courts and "will usually be denied unless the allegations have no plausible relation to the controversy and may cause prejudice to one of the parties." *See Thompson v. Kindred Nursing Centers E., LLC,* 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (citing *Augustus v. Board of Public Instruction of Escambia County, Fla.,* 306 F.2d 862, 868 (5th Cir. 1962)).

"If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied. Therefore, a motion to strike will be granted only if the matter sought

to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Blake v. Batmasian*, 318 F.R.D. 698, 700–01 (S.D. Fla. 2017) (citing 2 James W. Moore *et al.*, Moore's Federal Practice ¶ 12.21[2], at 2317 (2d ed. 1992)). A "motion to strike is not intended to procure dismissal of all or part of a complaint." *Blake*, 318 F.R.D. at 700 n.2.

## II.        Pertinent Elements of Plaintiffs' Claims

### False Arrest (Count I)

In Count I, Plaintiffs allege that Defendant Hoffman violated Plaintiffs's Fourth Amendment rights by securing their arrest without probable cause. The Fourth Amendment protects citizens from arrests secured by law enforcement officers through materially false statements or omissions made knowingly or with reckless disregard for the truth.

Under *Franks v. Delaware*, 438 U.S. 154 (1978), material omissions and misrepresentations in an arrest warrant affidavit violate the Fourth Amendment. *See also Kelly v. Curtis,* 21 F.3d 1544, 1554-55 (11th Cir. 1994). The Supreme Court has repeatedly explained that "probable cause to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979). The Court held that probable cause is not a technical, legalistic concept but a practical, common-sense determination based on all facts and circumstances known to the officer at the time, taken together rather than evaluated in isolation. *Illinois v. Gates*, 462 U.S. 213 (1983).

### Unlawful Detention in Violation of the Fourth Amendment ("Count II")

In Count II, Plaintiffs pled that their prolonged pretrial detention violated the Fourth Amendment.  Pretrial detention violates the Fourth Amendment not only when it precedes, but

also when it follows the start of legal process in a criminal case. *Manuel v. City of Joliet*, 580 U.S. 357, 364 (2017). The Supreme Court in *Manuel* found broad consensus among the circuits that officers can be liable for Fourth Amendment violations where they caused continued pre-trial detention after the absence of probable cause became apparent. *Id.*

Where a legal proceeding purporting to establish probable cause is itself tainted by fabricated or materially misleading evidence, any pretrial detention or restriction of liberty resulting from that proceeding violates the Fourth Amendment. *Id.*

### *Malicious Prosecution ("Count III")*

In Count III, Plaintiffs pled malicious prosecution claims against Defendant Hoffman. To plead a Fourth Amendment malicious prosecution claim under section 1983, a plaintiff must show both a violation of his or her Fourth Amendment right to be free of unreasonable seizures and the elements of the common law tort of malicious prosecution. *See Williams v. Aguirre*, 965 F.3d 1147, 1157 (11th Cir. 2020). The common law elements of malicious prosecution require a plaintiff to plead that the officer (1) instituted or continued a criminal prosecution against him or her, (2) with malice and without probable cause, (3) that terminated in his or her favor, and (4) caused damage. *Id*.

### III.    The Allegations in the Complaint Are Material and Pertinent to Plaintiffs' Claims

Defendant Hoffman argues that Plaintiffs' NOA "does not merely summarize the claims, but uses inflammatory rhetoric to portray Detective Hoffman as malicious, dishonest, and intentionally indifferent to the truth before any evidence has been tested. These allegations are not necessary to the elements of false arrest, malicious prosecution, or any other claims." *See* [DE 13] at 4, ¶2. Defendant Hoffman's argument fails to address the substance of the allegations and the legal standards governing the Complaint.

Upon examination, each allegation in paragraphs 1-10 of the Complaint serves as a roadmap of the claims to be presented in this lawsuit, providing contextualized facts that go directly to the elements that Plaintiffs must prove.

### IV.     The Factual Assertions in the Complaint Correspond to the Legal Standards Governing Plaintiffs' Claims.

Specifically, Defendant Hoffman takes exception to Plaintiffs' use of specific language in the Complaints. *See* [DE 13] at 2, ¶4, and at 4, ¶3. Each word, sentence, or paragraph cited from Plaintiffs' NOA section provides foundational facts necessary to establishing Plaintiffs' claims.

a.   "Confirmation bias"

The allegation of "confirmation bias" is pertinent to, at least, Counts I, II, III in that it succinctly reflects Defendant Hoffman's pattern of ignoring, withholding, and/or misrepresentation of material facts in the underlying investigation and proceedings in an effort to conform the evidence with her preexisting position that Plaintiffs were guilty of the crimes she alleged they were guilty of in her probable cause affidavit.

b.   "distort[ing] material facts to create the illusion of probable cause"

The allegation that Defendant Hoffman distorted material facts to create the illusion of probable cause, at a minimum, goes directly to the heart of Count II as Plaintiffs allege their Fourth Amendment protections were violated by "fabricated or materially misleading evidence." *Manuel*, 580 U.S. 357, 364 (2017). The allegation is therefore pertinent.

c.   "pursu[ing] this case with a preexisting narrative, seemingly intent on branding the Plaintiffs as heinous offenders to advance [Detective Hoffman's] career"

This allegation is, at a minimum, pertinent to Count III. Specifically, it is pertinent to Plaintiffs' burden to show that Defendant Hoffman acted with malice, and her "knowing disregard of Plaintiffs' rights and with the intent to secure their prosecution by distorting evidence, omitting material facts." (Compl. ¶ 1).

    d.  "reckless"

While it is unclear which paragraph or sentence Defendant Hoffman refers to in this instance, the allegation that she acted recklessly is pertinent to her regard for the truth as it relates to, at least, Count I. *See Franks*, 438 U.S. 154 (1978).

    e.  "maliciously clung to the narrative"

This allegation, when read in context, is pertinent to Counts I, II, and III; and to the issue of the damages sustained by Plaintiffs because of the Defendants' actions and inactions. Moreover, Plaintiffs allege that Defendant Hoffman not only violated Plaintiffs' rights with false and/or misleading testimony, but that she did so knowingly as evidenced by her efforts to avoid having her deposition taken in the underlying criminal proceeding. (Compl. ¶ 2).

    f.  "[w]hat Defendant Hoffman could not make fit, she omitted. What she could not omit, she distorted. What she could not distort, she buried."

Finally, these allegations are pertinent to the elements Plaintiffs must establish to prove Counts I-III. The allegations, contained in the very first paragraph of Plaintiffs' NOA, introduce the allegations that follow in paragraphs 2-10. (Compl. ¶ 1).

**CONCLUSION**

Each of the allegations that Defendant Hoffman challenges in her motion to strike are directly related to the controversy and provide clarity through a contextual overview of allegations to follow. *See Blake,* 318 F.R.D. 698, 700–01 (S.D. Fla. 2017). Because Defendant Hoffman fails to show how said portions of Plaintiffs' NOA have "no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party," and because a "motion to strike is not intended to procure dismissal of all or part of a complaint", Defendant's motion should be denied. *Id.* at 700 n.2.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request this Court deny Defendant Hoffman's Motion to Strike Immaterial and Impertinent Matter From Plaintiffs' Complaint.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 28, 2026, the foregoing was filed with the Clerk of the Court via the CM/ECF system and was served via email to counsel for the Defendants.

Dated this 28th day of May, 2026.

Respectfully Submitted,

Attorney for Plaintiff,
*/s/ Harry Kaklamanakis*
Haralambos Kaklamanakis, Esq.
Florida Bar No. 1004425
Tarnovsky Lopez Law PLLC
7000 W. Palmetto Park Road, Suite 210
Boca Raton, FL 33433
Office:        (561) 368-2755
Email:        harry@tarnovskylaw.com
Email:        cande@tarnovskylaw.com
Email:        service@tarnovskylaw.com